```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SELECTIVE INSURANCE COMPANY OF AMERICA,
as subrogee of TOWN OF LODI,

                    Plaintiff,                 07-CV-6324T

            v.                                 DECISION
                                               and ORDER
JOHN D. SWAREY,

                    Defendant.
_____
```

## INTRODUCTION

Plaintiff Selective Insurance Company of America, ("Selective") as subrogee of the Town of Lodi, ("Lodi" or "the Town"), pursuant to an insurance policy in which Lodi was the named insured, brings this action against defendant John D. Swarey ("Swarey") claiming that Swarey improperly installed insulation at a highway barn owned and operated by the Town, causing a fire which destroyed the barn, as well as equipment and vehicles stored in the barn. Selective, which paid an insurance claim to the Town of Lodi, claims that Swarey was negligent in installing the insulation too close to a flue pipe, and breached his contract with Lodi to safely install the insulation.

Swarey denies the plaintiff's allegations, and moves for summary judgment in his favor. In support of his motion, Swarey claims that there is no proof that the insulation was improperly installed, or that the insulation caused the fire at issue. Swarey also contends that the expert opinion of plaintiff's fire

investigator should be precluded because it is not based upon a reasonable scientific foundation.  Defendant further alleges that the fire was in fact caused by a rusted-out flue pipe attached to a wood burning stove.  Swarey alleges that the flue pipe had gaps and holes in it from which burning embers could escape, landing on flammable material and igniting a fire.  Swarey alleges that Lodi knew of the defective flue pipe, was aware of the hazzard it presented, and even lied to its insurer about having replaced the flue pipe in order to obtain insurance coverage.  Defendant contends that Lodi's continued and reckless use of the wood burning stove with the defective flue pipe constitutes a superseding and intervening act of negligence that breaks the causal chain between his alleged negligence and the proximate cause of the fire.

Plaintiff opposes Swarey's motion on grounds that there are numerous questions of material fact that preclude granting judgment as a matter of law.  For the reasons set forth below, I deny defendant's motion to preclude the testimony of the plaintiff's expert witness, and deny defendant's motion for summary judgment.

## BACKGROUND

Plaintiff Selective Insurance Company of America is the insurer of the Town of Lodi, New York, Highway Department.[1]  The

---

[1] Because defendant failed to file a Statement of Undisputed Facts as required by Local Rule 56(a)(1), the facts set forth in this Decision and Order are culled from various sources in the record.  Nevertheless, the Court will consider the defendant's motion.  Additionally, the plaintiff in this action purported to

Highway Department owned and operated a barn in which it housed equipment and vehicles used in maintaining Town roadways. In addition to a radiant heat system that was installed sometime prior to 2006, the barn was heated by a wood-burning stove. Attached to the stove was a flue pipe that extended from the stove to the roof. The flue pipe passed through a drop ceiling in the barn. It is undisputed that the flue pipe extended from the stove, through the drop ceiling, to and above the roof, and was corroded, with rust holes in it.

In January 2006, defendant John Swarey, acting pursuant to a contract with the Town of Lodi, installed blown-in cellulose fiber insulation at the barn in an area between the roof and the drop ceiling. According to Swarey, he was aware of the rusted flue pipe, and took care to maintain an air gap of at least 3 inches between the blown-in insulation and the flue. The purpose of the air gap was to prevent the blown-in insulation from overheating and possibly combusting.

On January 27, 2006, just weeks after Swarey installed the insulation, a fire occurred at the barn. The building and several vehicles and pieces of equipment were destroyed. The Town of Lodi

---

file a sur-reply to the Defendant's Response in Further Support of his Motion for Summary Judgment. (See Docket item no. 51). As sur-replies are not permitted without prior approval of the court, and plaintiff did not receive approval to file a sur-reply, plaintiff's sur-reply was not considered by the court in rendering this Decision and Order.

made an insurance claim with Selective for damages resulting from the fire, and Selective paid the claim pursuant to the terms of the insurance policy.

As a subrogee of the Town, plaintiff Selective now brings this action against Swarey claiming that Swarey improperly installed the blown-in insulation, and that the fire resulted from Swarey's negligence. Defendant denies the plaintiff's claims, and alleges that there is no evidence that he acted negligently. He further claims that the fire was caused by burning particles escaping through gaps in the rusted flue pipe and causing the ignition of flammable materials. Finally, he argues that he can not be held liable for the fire because the Town's use of the wood-burning stove was negligent in light of the Town's knowledge that the use of the stove was dangerous given the condition of the flue pipe.

## DISCUSSION

I. The Opinion Testimony of the Plaintiff's Expert is admissible.

The defendant argues that the opinion testimony of plaintiff's expert John Goetz must be precluded because it is not based on a reasonable scientific foundation. I find, however, that the opinion testimony is admissible under the Federal Rules of Evidence and the principles espoused by the Supreme Court in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).

    A.    Legal standard for determining admissibility of <u>Expert Testimony</u>.

Rule 702 of the Federal Rules of evidence provides that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evidence 702.

The standard for determining whether or not expert scientific testimony may be admitted at trial is set forth in <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993). There, the Supreme Court, in analyzing Rule 702, determined that expert testimony which "rests on a reliable foundation and is relevant," is admissible under the Federal Rules. <u>Daubert</u>, 509 U.S. at 597. To determine whether or not expert testimony rests on a reliable foundation, the district court must "make a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and whether that reasoning can be applied to the facts in issue." <u>Daubert</u>, 509 U.S. at 592-93. In assessing whether or not the testimony is scientifically valid, District Courts should examine certain factors such as: (1) whether or not the methodology or theory can be (or has been) tested; (2) whether

the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error for the methodology, and (4) whether or not the theory or methodology is generally accepted in the relevant scientific community. Daubert, 509 U.S. at 593(rejecting the test enunciated in Frye v. United States, 293 F.R. 1013 (D.C. Cir. 1923) which relied on whether or not the theory or methodology testified to was generally accepted in the scientific community).  The Court emphasized that these factors were not exhaustive nor exclusive, and that courts should be flexible with respect to determining whether or not testimony may be admitted, so long as the expert scientific testimony is pertinent and based on "scientifically valid principles." Daubert, 509 U.S. at 597.

    B.   The Opinion of Plaintiff's Expert is admissible.

In the instant case, I find that the expert opinion of plaintiff's expert John Goetz is admissible pursuant to Rule 702 of the Federal Rules of Evidence and Daubert.  Goetz's opinion is based on recognized and accepted fire investigation methodology, and the record demonstrates that Goetz engaged in sufficient fact gathering and analysis on which to base his opinion.[2]  Further, the

---

[2] The Court makes no finding as to the "correctness" or the weight to be given to either the plaintiff's or the defendant's expert opinion, as it is for the trier of fact to weigh those opinions and make such a determination.  Rather, this court makes the limited finding that the opinion of plaintiff's expert is based on a reasonable scientific foundation such that it may be submitted to a trier of fact for consideration.

evidence of record demonstrates that Goetz applied the principles of fire investigation to the facts deduced to render an opinion on the cause of the fire.

The Defendant contends that Goetz's opinion must be precluded because Goetz: (1) ignores evidence of holes in the flue; (2) bases his conclusions on incorrect information regarding the construction of the roof, including placement of joists and the pitch of the roof; (3) ignores burn evidence and the pre-fire presence of paper-backed fiberglass insulation; (4) fails to consider testimony that the insulation was installed properly; (5) concludes without any foundation that the insulation was too close to the flue pipe; (6) miscalculates the location of a metal shield; (7) provides no reasonable basis for his calculation of the temperature of flue gasses; (8) provides no scientific basis for his conclusion that radiant heat ignited the insulation; (9) fails to explain how flue gasses were limited to igniting the insulation installed by the defendant, but not other, more fire-prone portions of the barn, such as previously installed paper-backed insulation, and wooden joists and roofing materials; (10) fails to consider cross-contamination of the site that presumably occurred during the extinguishing of the fire; (11) fails to explain how he can determine that the fire was caused by radiant heat as opposed to debris escaping the rusted-out flue pipe and landing on flammable material located above the drop ceiling; (12) fails to explain how

the insulation installed by Swarey could have communicated with any other substance to create a flame; and (13) fails to explain why the most significant burn patterns appear adjacent to the area of the flue pipe that had a large gap, through which burning embers could pass.

    I find however, that while the defendant may disagree with the assumptions made and conclusions drawn by the plaintiff's expert, those assumptions and conclusions are not without a reliable foundation. A review of the expert's opinion reveals that Goetz physically examined the site of the fire, documented the fire scene in pictures, took measurements at the site, took samples of residue found at the site, and interviewed persons with knowledge of the location and fire. These practices are in accordance with best practices for investigating the cause of a fire. Goetz further explained how, based on the facts adduced from his investigation applied to his understanding of the principles of fire causation, the insulation installed by the defendant became charred and reached nearby combustible materials. Using the same process of investigation and analysis, he opined that the fire was not caused by any other means. That his conclusions differ from the testimony of defense witnesses or the conclusions of defendant's expert is of no surprise. But absent evidence, as opposed to opinion, that the Goetz's opinion is without a valid scientific foundation, the court must allow the opinion to be offered at trial. See e.g. State Farm

Fire and Casualty Company v. Nutone, Inc., 2008 WL 305015, *4-6 (W.D.N.Y., 2008 (Telesca, J.)(precluding expert opinion that lint allegedly present in a fan motor housing caused motor to seize or became flammable at a lower temperature where there was no scientific foundation for such conclusions).

    II.   Defendant is not Entitled to a grant of Summary Judgment.

    A.   Summary Judgment Standard of Review

Having determined that the opinion of the plaintiff's expert is admissible, I turn to defendant's motion for summary judgment. Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  When considering a motion for summary judgment, all genuinely disputed facts must be resolved in favor of the party against whom summary judgment is sought.  Scott v. Harris, 550 U.S. 372, 380 (2007).  If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate.  Scott, 550 U.S. at 380 (citing Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587 (1986).

B.  Material Issues of Fact Preclude granting Defendant's <u>Motion for Summary Judgment</u>.

Defendant alleges that he is entitled to judgment as a matter of law because there is no proof of negligence on his part. In support of this claim, defendant points to his testimony stating that he installed the insulation properly, and ensured there was a proper air gap between the flue and the insulation. Defendant contends that these facts are confirmed by the testimony of Robert Sibley, the elected highway superintendent for the Town of Lodi, who testified that he inspected the defendant's installation of the insulation prior to the fire, and found it to be installed as the defendant claims. Defendant further alleges that the rusted-out condition of the flue pipe, along with the burn patterns found after the fire, indicate that the fire was most likely caused by burning debris escaping the flue pipe, and landing on combustible material, igniting the fire.

I find, however, that there are material questions of fact regarding the cause of the fire that preclude granting defendant's motion. According to the plaintiff, the corroded flue pipe was in place for several years, but did not cause any problems. Plaintiff further suggests that the gap in the flue pipe was covered by a metal collar, which shielded combustible material from any burning debris that might have escaped through the hole. Plaintiff alleges that the fire occurred only weeks after the insulation was installed by the defendant, thus suggesting that the installation of the insulation was the cause of the fire. Plaintiff further

10

alleges that at the time of the fire, there was insufficient material in the stove to create burning debris that could escape the flue pipe. Additionally, plaintiff has submitted an admissible expert opinion stating that the fire was caused by the installation of the insulation. It is thus apparent that there are questions of fact as to the cause of the fire, and therefore, I deny defendant's motion for summary judgment.

> C. Defendant has failed to Establish as a Matter of Law that the Town's Alleged act of continuing to use the stove was a Superseding Intervening act of Negligence that was <u>the proximate cause of the Fire.</u>

Plaintiff alleges that the Town of Lodi's continued use of the stove, despite knowing of the dangerous condition of the flue pipe, constitutes a superseding intervening act of negligence or recklessness that severs any causal link between the defendant's alleged negligence and the cause of the fire. According to the defendant, because the town knew or should have known that using the stove would cause damage, the Town's continued use of the stove after the installation of the insulation is the actual cause of plaintiff's damages, and defendant cannot be held liable for the plaintiff's negligent acts.

In support of this contention, defendant cites an August 2002 letter from Selective to the Town of Lodi noting three concerns with respect to the Town's property for purposes of insuring the Town. In the letter, Selective notes that the flue pipe in the highway barn was "corroded and in a generally deteriorated condition" and that the pipe should "be replaced prior to the next

11

heating season to ensure that the waste products of combustion in the wood stove are properly exhausted to the exterior of the building." Despite the Town informing Selective that the pipe had been replaced, the Town did not actually replace the flue pipe, and instead used it intermittently for the following four years, until the fire occurred on January 27, 2006.

I find that defendant has failed to establish as a matter of law that the Town had actual or constructive knowledge of any alleged danger posed by using the stove, or disregarded such knowledge in using the stove.  The evidence of notice of the allegedly dangerous condition was presented in August of 2002, approximately three-and-a-half years prior to the occurrence of the fire.  Whether the notice presented to the Town in 2002 did or should have put the Town on notice that continued use of the stove was dangerous is a question of fact to be decided by the trier of fact, and therefore, I deny defendant's motion for summary judgment.

## **CONCLUSION**

For the reasons set forth above, I deny defendant's motion to preclude the testimony of plaintiff's expert witness, and deny defendant's motion for summary judgment.

ALL OF THE ABOVE IS SO ORDERED.

                                                 s/Michael A. Telesca
                                                    MICHAEL A. TELESCA
                                     United States District Judge

Dated:   Rochester, New York
        May 24, 2011